IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DOUGLAS EDWARD RADCLIFFE,**

    **Plaintiff,**

**v.**                          **CIVIL ACTION NO. 1:12CV179**
                                                    **(Judge Keeley)**

**COMMISSIONER OF SOCIAL SECURITY.**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PLAINTIFF'S OBJECTIONS [DKT. NO. 35] TO THE MAGISTRATE'S ORDER DENYING IN PART THE MOTION FOR ATTORNEY'S FEES**

The plaintiff, Douglas Edward Radcliffe ("Radcliffe"), objects (Dkt. No. 35) to the magistrate judge's order (Dkt. No. 34) granting in part and denying in part his motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons that follow, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Radcliffe's objections and **AWARDS** attorney's fees in the amount of $5,301.66.

### BACKGROUND

On December 18, 2012, Radcliffe filed his complaint seeking review of an adverse decision of the defendant, the Commissioner of Social Security ("the Commissioner") (Dkt. No. 1), based on the Commissioner's denial of Radcliffe's claim for supplemental security income and disability insurance benefits, leading Radcliffe to invoke this Court's jurisdiction under 42 U.S.C. §

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PLAINTIFF'S OBJECTIONS [DKT. NO. 35] TO THE MAGISTRATE'S ORDER DENYING IN PART THE MOTION FOR ATTORNEY'S FEES**

405(g) and 42 U.S.C. § 1383(c)(3). After the parties submitted competing motions for summary judgment, the Honorable James E. Seibert, United States Magistrate Judge, issued a report and recommendation ("R&R"), recommending that the Court deny Radcliffe's application to proceed in forma pauperis and dismiss his complaint without prejudice (Dkt. No. 19). In the alternative, the R&R recommended that the Court deny both motions for summary judgment and remand the case to the administrative law judge pursuant to sentence six of 42 U.S.C. § 405. Id.

After considering Radcliffe's objections, the Court adopted in part and rejected in part the R&R, denying both parties' motions for summary judgment and remanding the case to the Commissioner (Dkt. No. 22). It also rejected the recommendation to deny Radcliffe's application to proceed in forma pauperis and to dismiss his complaint. Id. On remand, the Commissioner issued a decision that was fully favorable to Radcliffe. In accord with that decision, this Court entered final judgment on June 29, 2015 (Dkt. No. 26).

On September 4, 2015, Radcliffe filed a motion seeking $7,240.86 in attorney's fees under the EAJA, payable to his attorney (Dkt. No. 27). The Commissioner opposed the motion,

**RADCLIFFE V. COMMISSIONER OF SOCIAL SECURITY**  1:12CV179

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PLAINTIFF'S OBJECTIONS [DKT. NO. 35] TO THE MAGISTRATE'S ORDER DENYING IN PART THE MOTION FOR ATTORNEY'S FEES**

contending that (1) its position had been substantially justified, and (2) even if Radcliffe were entitled to fees, those fees should be reduced and made payable directly to him, not his attorney (Dkt. No. 30). Magistrate Judge Seibert held an evidentiary hearing on September 23, 2015, before deciding whether Radcliffe was entitled to attorney's fees under the EAJA (Dkt. No. 34). Consequently, he found that Radcliffe was entitled to such an award, but reduced the amount requested, $7,240.86, to $2,500.00, the common fee in social security cases in this District. Id.

Radcliffe objected to Magistrate Judge Seibert's order, arguing that it was legal error to use a common fee method to determine an award of attorney's fees under the EAJA (Dkt. No. 35 at 1). He argues that he should receive compensation for the administrative proceedings following the sentence six remand, which, he contends, by its nature involves higher attorney's fees. Id. at 3. The Commissioner responded to Radcliffe's objections, urging the Court to exercise its "wide discretion" to award a lower attorney's fee award to Radcliffe (Dkt. No. 36).

**RADCLIFFE V. COMMISSIONER OF SOCIAL SECURITY              1:12CV179**

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PLAINTIFF'S OBJECTIONS [DKT. NO. 35] TO THE MAGISTRATE'S ORDER DENYING IN PART THE MOTION FOR ATTORNEY'S FEES**

## LEGAL STANDARD

The EAJA provides that the Court may award a reasonable attorney's fee and expenses to the prevailing party in any civil action brought against the United States, including proceedings for judicial review of agency action. 28 U.S.C. § 2412(d)(1)(A). Within 30 days of final judgment, the prevailing party must submit an application for fees to the Court, including an itemized statement containing the actual time expended and the fee rate. 28 U.S.C. § 2412(d)(1)(B). To be entitled to fees, the prevailing party must establish that the position of the United States "was not substantially justified," which is determined on the basis of the record. Id.

The Court may exercise its "substantial discretion" to fix the amount of an award so long as the final award is reasonable. Hyatt v. Barnhart, 315 F.3d 239, 254 (4th Cir. 2002) (citing INS v. Jean, 496 U.S. 154, 163 (1990)). The plaintiff "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Id. at 253 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (internal quotation marks omitted)). The prevailing party's attorney should be compensated

**RADCLIFFE V. COMMISSIONER OF SOCIAL SECURITY        1:12CV179**

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PLAINTIFF'S OBJECTIONS [DKT. NO. 35] TO THE MAGISTRATE'S ORDER DENYING IN PART THE MOTION FOR ATTORNEY'S FEES**

for all time reasonably expended on a matter, but the EAJA should not produce a windfall for the attorney. Id. at 254 (quoting Hensley, 451 U.S. at 430, n. 4) (internal quotation marks omitted)).

"The fact that the statute awards to the prevailing party fees in which [his] attorney may have a beneficial interest or contractual right does not establish that the statute 'awards' the fees directly to the attorney." Astrue v. Ratliff, 560 U.S. 586, 594 (2010). Rather, any fee award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Id. at 589.

## ANALYSIS

Magistrate Judge Seibert determined that Radcliffe was entitled to an award of an attorney's fee because (1) he was the prevailing party, (2) the Commissioner's position was not substantially justified, (3) no special circumstances existed that would make an award unjust, and (4) he submitted a fee application supported by an itemized statement within 30 days of final judgment (Dkt. No. 34 at 3, 8). The parties did not object to these

**RADCLIFFE V. COMMISSIONER OF SOCIAL SECURITY**  1:12CV179

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PLAINTIFF'S OBJECTIONS [DKT. NO. 35] TO THE MAGISTRATE'S ORDER DENYING IN PART THE MOTION FOR ATTORNEY'S FEES**

conclusions (Dkt. Nos. 35, 36). Rather, Radcliffe contends that Magistrate Judge Seibert erred by reducing his award from $7,240.86 to $2,500.00, using a common fee method (Dkt. No. 34 at 9).

As an initial matter, it is within the Court's discretion to apply a reasonable percentage reduction "as a practical means of trimming fat from a fee application." Hogan v. Astrue, 539 F. Supp. 2d 680, 683 (W.D.N.Y. 2008) (quoting Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted)). The authority cited by Radcliffe does not compel a contrary conclusion (Dkt. No. 35 at 2-3). See Pierce v. Underwood, 487 U.S. 552, 571-73 (1988) (finding that consideration of customary fees is inappropriate under the "special factors" analysis to determine whether reimbursement over the statutory cap is appropriate). Nonetheless, $2,500.00 is not a reasonable attorney's fee in this case.

The Court finds persuasive Radcliffe's argument that this case, which involved a remand pursuant to sentence six, required more work than the average social security case, thereby warranting a higher attorney's fee. It is unconvinced, however, that Radcliffe is entitled to the requested amount of $7,240.86.

**RADCLIFFE V. COMMISSIONER OF SOCIAL SECURITY**     **1:12CV179**

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PLAINTIFF'S OBJECTIONS [DKT. NO. 35] TO THE MAGISTRATE'S ORDER DENYING IN PART THE MOTION FOR ATTORNEY'S FEES**

---

Radcliffe adjusted the $125 statutory cap in § 2412 for cost of living increases, tying the cost of living to the Consumer Price Index (Dkt. No. 28-1 at 4-7). The EAJA permits, but does not require, the Court to grant a reasonable cost of living increase. See 28 U.S.C. § 2412(d)(1)(D)(2)(A)(providing for a $125 per hour cap on attorney's fees "unless the court determines that an increase in the cost of living . . . justifies a higher fee."). It is the practice in this District to allow reasonable cost of living increases. See, e.g., Sutphin v. Colvin, No. 5:13CV161, 2014 WL 7272798, at *5 (N.D.W. Va. Dec. 18, 2014) (Seibert, M.J.) (recognizing the necessity of a cost of living increase to $187.50 per hour); Johns v. Astrue, No. 5:09CV17, 2009 WL 2761925, at *1 (N.D.W. Va. Aug. 28, 2009) (Stamp, J.) (permitting a cost of living increase to $171.71 per hour).

In 2012, Radcliffe billed a total of 2.10 hours, with 1.5 hours allocated to preparing the complaint, in forma pauperis application, and summons, and .40 of an hour allocated to filing the documents (Dkt. No. 28-1 at 1). The final .20 of an hour was spent reviewing the order regarding the in forma pauperis application. Id. The Court finds this amount of time on essentially clerical tasks to be excessive, and reduces the award

7

**RADCLIFFE V. COMMISSIONER OF SOCIAL SECURITY                    1:12CV179**

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PLAINTIFF'S OBJECTIONS [DKT. NO. 35] TO THE MAGISTRATE'S ORDER DENYING IN PART THE MOTION FOR ATTORNEY'S FEES**

to .5 of an hour at a rate of $183.11, for a total of $91.56 for 2012.

In 2013, Radcliffe billed 20.30 hours, which includes .10 of an hour reviewing the summons, .40 of an hour reviewing the Commissioner's answer, .10 of an hour reviewing the Commissioner's motion for excess pages, .30 of an hour reviewing the Commissioner's motion for summary judgment, and .4 of an hour reviewing the R&R.  Id.  The Court finds that the total amount of time spent briefly reviewing documents, 1.3 hours in total, is excessive, and reduces the award of attorney's fees to .5 of an hour for those activities.

Radcliffe's attorney also spent 4.8 hours in 2013 preparing and filing objections to the R&R.  Id. at 1-2.  It is clear from a review of the record, however, that Radcliffe's objections were only necessary because he had failed to properly file an in forma pauperis application.  See Dkt. No. 22 at 13 (declining to dismiss the complaint based on the application, but noting that the magistrate judge could "address any ongoing doubts about Radcliffe's candor regarding the legitimacy of his qualifications for in forma pauperis status should [he] later attempt to recover his attorney's fees in this matter.").  The Court therefore

8

**RADCLIFFE V. COMMISSIONER OF SOCIAL SECURITY                1:12CV179**

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PLAINTIFF'S OBJECTIONS [DKT. NO. 35] TO THE MAGISTRATE'S ORDER DENYING IN PART THE MOTION FOR ATTORNEY'S FEES**

declines to award attorney's fees for the 4.8 hours spent preparing and filing objections. For 2013, the Court awards Radcliffe 14.7 hours, at a rate of $185.96 an hour, for a total of $2,733.61.

In 2014, Radcliffe billed a total of 14.70 hours. Of those hours, the Court reduces the amount of time spent reviewing the final order, various notices, the exhibit list and exhibits, medical records, and the notice of hearing from a total of 2.2 hours to .5 hours. It declines to award attorney's fees for time spent essentially on clerical tasks, including faxing papers (.1 of an hour) and requesting medical records (1 hour). See id. at 2-3. Radcliffe is therefore entitled to 11.9 hours at a billing rate of $189.10 per hour, for a total of $2,250.29.

In 2015, Radcliffe billed a total of 1.6 hours, with .40 of an hour spent e-mailing back and forth between administrative counsel and counsel in the instant case. Id. at 3. The Court agrees with the Commissioner that this time should not be compensable, and awards 1.2 hours at the rate of $188.50 for a total award of $226.20.

Radcliffe's reasonable attorney's fees are calculated as follows:

**RADCLIFFE V. COMMISSIONER OF SOCIAL SECURITY** 1:12CV179

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PLAINTIFF'S OBJECTIONS [DKT. NO. 35] TO THE MAGISTRATE'S ORDER DENYING IN PART THE MOTION FOR ATTORNEY'S FEES**

| Year | Hours | Rate | Total Amount |
|---|---|---|---|
| 2012 | .5 | $183.11 | $91.56 |
| 2013 | 14.7 | $185.96 | $2,733.61 |
| 2014 | 11.9 | $189.10 | $2,250.29 |
| 2015 | 1.2 | $188.50 | $226.20 |
| **Total** | **28.3** | | **$5,301.66** |

The Court therefore **OVERRULES IN PART** and **SUSTAINS IN PART** Radcliffe's objections to the R&R and **AWARDS** an attorney's fee in the amount of **$5,301.66**, payable to Radcliffe, and not his attorney. See 28 U.S.C. § 2412(d)(1)(A); Ratliff, 560 U.S. at 592-93; Johns, 2009 WL 2761925, at *2.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: April 7, 2016.

/s/ Irene M. Keeley  
IRENE M. KEELEY  
UNITED STATES DISTRICT JUDGE